UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MELANIE SPRADLIN,

Plaintiff(s),

v.

MANDARICH LAW GROUP, LLP,

Defendant(s).

Case No.2:23-C- JCM

ORDER

Presently before the court is plaintiff Melanie Spradlin's motion for default judgment. (ECF No. 8). Plaintiff previously submitted a request for entry of default against defendant Mandarich Law Group, LLP, which was entered by the clerk of court against the defendant on November 18, 2025. (ECF No. 7).

On February 5, 2026, plaintiff filed a motion for default judgment seeking $1,000.00 in statutory damages, actual damages of at least $5,000.00 to compensate plaintiff for emotional distress and mental anguish, in addition to $6,115.50 in attorney's fees and $502.29 in costs incurred pursuing plaintiff's claims against defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

I.      Legal Standard

To obtain default judgment a party must follow a two-step process governed by FRCP 55. *See Eitel v. McCool*, 782 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). *Eitel v. McCool* laid out the following factors that a district court might consider when exercising its discretion as to the entry of default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 782 F.2d 1470, 1471–72 (9th Cir. 1896).

## II.  Discussion

Plaintiff has already obtained the clerk's entry of default. (ECF No. 7). Now, in accordance with FRCP 55(b), she moves for default judgment against defendant. (ECF No. 8). The *Eitel* factors weigh in favor of granting default judgment.

A.  *Eitel* Factors

1.  *Possibility of Prejudice*

"The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). When a defendant refuses to appear and defend the claims against it, this non-appearance "prejudices [the party's] ability to pursue its claims on the merits and seek recovery of damages." *Servfaces Gmbh v. Truong*, No. 2:19-cv-1906-APG-DJA, 2020 WL 854188, 2020 U.S. Dist. LEXIS 28692, at *6 (D. Nev. Feb. 20, 2020).

Here, defendant has failed to answer or otherwise respond to plaintiff's complaint.  It has failed to meaningfully defend this action and, plaintiff adds, respond to plaintiffs' attempts to resolve the dispute.  The court finds that without default judgment, plaintiff will be prejudiced because she would have to continue litigating the case in the absence of the opposing party; without default, plaintiff would be without a remedy or relief.  Thus, the first *Eitel* factor weighs in favor of default judgment.

> 2.     *Merits of the Substantive Claim and Sufficiency of the Complaint*

"The second and third *Eitel* factors favor default judgment if the plaintiff makes enough factual allegations to state a claim upon which relief can be granted, in accordance with Rule 8(a)." *Nike, Inc. v. Fujian Jialaimeng Shoes Co.*, 2:17-cv-516-GMN-GWF, 2019 U.S. Dist. 55583, at \*5 (D. Nev. Mar. 6, 2019) (citing *Eitel*, 782 F.2d at 1471; *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).  Upon default, the court accepts as true the factual allegations of the party's complaint, except as to damages.  *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).

Here, plaintiff alleges that defendant violated numerous sections of the FDCPA.  Section 1692c(a)(2) of the Act prohibits a debt collector from communicating with a consumer in connection with a debt collection action, "if the debt collector knows the consumer is represented by an attorney" in the action and knows or can readily obtain the attorney's name and address.  Section 1692d prohibits a debt collector from harassing, oppressing, or abusing "any person in connection with the collection of a debt."  Under § 1692e(10), a debt collector may not collect debt using deceptive means or false representation, and § 1692f prohibits debt collectors from doing the same through unfair or unconscionable means.

. . .

- 3 -

The parties are involved in a collection action in state court, entitled *Velocity Investments, LLC v. Melanie Spradlin*, Case No. 24CH002638.  The complaint alleges that defendant served a motion for summary judgment in the collection proceedings directly on plaintiff despite knowing that plaintiff was represented and having the phone number, mailing and email addresses of plaintiff's counsel; that defendant sent this motion directly to plaintiff to harass and intimidate her; that defendant demeaned and threatened plaintiff's counsel, and retaliated against him for serving authorized discovery requests by filing the motion.  (ECF No. 1 ¶¶ 19–49).

These allegations are sufficient to state a claim for violations of the FDCPA, and plaintiff is likely to succeed on the merits of the complaint.  Therefore, these factors weigh in favor of granting default judgment for plaintiff.

### 3.    *Sum of Money at Stake*

Default judgment is warranted if the money at stake in the action is proportionate to the seriousness of the conduct.  *Servfaces Gmbh v. Truong*, 2020 U.S. Dist. LEXIS 28692, at *6 (D. Nev. Feb. 20, 2020).  Here, plaintiff seeks $5,000.00 in actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and $6,617.79 in attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).  (ECF No. 1 ¶ 49 and Prayer for Relief).  In total, plaintiff seeks $12,617.79 on default judgment.

While the court holds there is some amount of money at stake and that defendant violated the statute, the recovery sought is not proportional to the harm.  The fourth *Eitel* factor weighs in favor of entry of default judgment on the FDCPA claim, but not to the full extent plaintiff requests as discussed below.

### 4.    *Possibility of a Dispute Concerning Material Facts*

The fifth *Eitel* factor weighs against default judgment where there is a possibility of dispute

- 4 -

about material facts. 782 F.2d at 1471–72. "Because this court takes all allegations in a well-pleaded complaint as true after the clerk enters default, there is no likelihood that any genuine issue of material fact exists" here. *See Nike*, 2019 U.S. Dist. 55583, at *9. Thus, this factor weighs in favor of default judgment.

### 5.    Whether the Default was Due to Excusable Neglect

The sixth *Eitel* factor favors default judgment if "the defendant has been properly served or plaintiff shows that defendant is aware of the lawsuit and failed to answer." *Thriven Fin. v. Bloomquist*, No. 2:17-cv-1555-JCM-NJK, 2018 U.S. Dist. LEXIS 111659, at *9 (D. Nev. July 3, 2018) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)).

No excusable neglect justifies defendant's failure to defend itself in this case. Defendant was properly served with the complaint. Plaintiff asserts that defendant is aware of the lawsuit, as the parties have communicated out of court regarding the action. Despite this, it has failed to respond, resulting in the clerk's entry of default on November 18, 2025. (ECF No. 7). Accordingly, this factor favors granting default judgment.

### 6.    Policy Favoring Decisions on the Merits

Courts strongly favor deciding cases on the merits. However, where a defendant fails to appear or respond, such a decision is not possible. "Denying default judgment on this factor in this context would preclude default judgment whenever a defendant fails entirely to participate in a lawsuit." *Car-Freshner Corp. v. Victory-2000 EOOD*, 2:14-cv-1471-RFB-GWF, 2016 WL 7246073, 2016 U.S. Dist. LEXIS 173663, at *24 (D. Nev. Dec. 14, 2016). Defendant's failure to appear or respond in this case does not preclude an award of default judgment against defendant.

With all seven *Eitel* factors weighing in favor of default judgment, the court finds that it is appropriate to grant default judgment in favor of plaintiff Melanie Spradlin.

B.    Damages

Next, the court considers the damages requested by plaintiff.  The FDCPA provides for damages equal to the sum of actual damages sustained by the plaintiff, plus statutory damages of up to $1,000, plus the reasonable attorney's fees and costs in successful actions to enforce the defendant-debt collector's liability.  15 U.S.C. § 1692k.

Plaintiff seeks recovery of actual damages for emotional distress for defendant's alleged unfair and fraudulent conduct, inconvenience and time spent on this action, and invasion of plaintiff's privacy.  Damages stemming from emotional distress are compensable under the FDCPA.  *See, e.g.*, *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780 (9th Cir. 1982) ("actual damages that a plaintiff would be likely to incur would be for emotional distress caused by abusive debt collection practices…"); *Goldberg v. Cent. Credit Mgmt.*, No. 2:11-cv-00305-MMD-GWF, 2012 U.S. Dist. LEXIS 171885, at *13–*14 (D. Nev. Dec. 3, 2012); FTC Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50098, 50109 (Dec. 13, 1988) (noting that actual damages under the FDCPA include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress.").

"However, how to interpret the 'actual damage' language with respect to emotional distress is a controversial issue that has not yet been address by the Ninth Circuit."  *Valero v. Bryant, LaFayette and Assocs.*, No. 1:10-cv-01174 OWW GSA, 2011 U.S. Dist. LEXIS 40578, 2011 WL 1438436, at *3 (E.D. Cal. April 14, 2011) (citing *Bolton v. Pentagroup Fin. Servs.*, LLC, No. CIV-F-08-0218 AWI GSA, 2009 U.S. Dist. LEXIS, 2009 WL 734038, at *10–*11 (E.D. Cal. Mar. 16, 2009)).

Courts in this circuit are split on this issue.  Some require a plaintiff to prove actual damages under the FDCPA by demonstrating she has suffered intentional infliction of emotional distress

("IIED") as defined by state tort law, while others require only that she establish "significant harm." *Compare Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1078 (E.D. Cal. 2007) (mandating plaintiff must prove elements of IIED claim to recover emotional distress damages under FDCPA), *with Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1315 (E.D. Cal. 2009) (holding actual damages are available if plaintiff established that he suffered symptoms from distress); *see also Goldberg v. Cent. Credit Mgmt.*, No. 2:11-00305-MMD-GWF, 2012 U.S. Dist. LEXIS, 171885, at *14 (D. Nev. Dec. 3, 2012) (noting the split in the district courts but finding that it "need not select among these competing interpretations" because plaintiff failed to meet even the lesser standard); *Cabral v. Capitol Mgmt. Servs., L.P.*, No. 2:12-CV-1422 JCM (VCF), 2014 U.S. Dist. LEXIS 8266, at *4–*6 (D. Nev. Jan. 22, 2014) (same).

Significant emotional harm requires more than "[f]leeting or trivial anxiety or distress." *Dawson v. Wash. Mut. Bank*, 390 F.3d 1139, 1149 (9th Cir. 2004).  There are several ways in which an individual may establish emotional distress damages: (1) corroborating medical evidence; (2) testimony from non-experts (e.g., family members, friends, coworkers); (3) egregious conduct by the alleged violator; or (4) the circumstances make it obvious that a reasonable person would suffer significant harm.  *Id.* at 1149–50.

Even applying the more lenient standard, plaintiff has not met her burden to prove that she is entitled to actual damages for emotional distress under the FDCPA.  Plaintiff generally alleges that she obtained counsel in the debt collection action because the defendant was "harassing [her] in connection with [its] attempts to collect an alleged debt[,]" though she does not elaborate on how or in what capacity.  (ECF No. 8, Ex. 2 ¶ 3).  Plaintiff more specifically alleges that, after obtaining counsel, defendant directly sent her a motion for summary judgment, which she generally claims resulted in "mental anguish by way of stress, frustration," and "anxiousness."

(ECF No. 8 ¶¶ 33, 34, 46). Plaintiff does not provide any corroborating evidence or submit affidavits from non-experts in support of her claim for emotional distress damages, and it is not readily apparent that defendant's conduct was egregious or would cause a reasonable person under the circumstances emotional distress.

While sending a motion directly to a represented plaintiff in a collection action is certainly in direct contravention of federal law, it is not clear that a reasonable person would suffer emotional harm by receiving the motion. It is also true that defendant, especially as a law practice that has been in communications with plaintiff's counsel, should have known better than to send the motion directly to plaintiff, but this is not egregious conduct that would support an inference that plaintiff suffered significant emotional harm.

In addition to emotional distress damages, plaintiff seeks the maximum $1,000.00 in statutory damages. When determining the amount of damage available under 15 U.S.C. § 1692k(a)(2)(A), the court is required to consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *See* 15 U.S.C. § 1692k(b)(1). Plaintiff alleges that the direct service of the motion for summary judgment was "part of a sustained campaign." (ECF No. 8, Ex. 2 ¶ 8).

Defendant had no excuse and indeed should have known better than to directly send plaintiff the motion for summary judgment, given that it is a legal practice and had access to the contact information for plaintiff's counsel. Considering the allegations in the complaint, the court finds good cause to grant plaintiff the maximum $1,000 in statutory damages against defendant.

Lastly, plaintiff requests an award of attorney's fees and costs of litigation. As the prevailing party in this case, plaintiff is entitled to an award of attorney's fees and costs pursuant

to 15 U.S.C. 1692k(a)(3).  "The FDCPA's statutory language makes an award of fees mandatory" in part because Congress chose a "private attorney general approach to assume enforcement of the FDCPA."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citations and quotation marks omitted).

Plaintiff has asked for attorney's fees in the amount of $6,115.50 and costs in the amount of $502.29.  Counsel's billable hour rate is $405.00 per hour.  Upon reviewing plaintiff's billable rate, qualifications, previously approved rates by courts in this district, and time spent on the case, the court finds the requested attorney's fees and costs reasonable.

**III.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for default judgment (ECF No. 8) be, and the same hereby is, GRANTED.

Plaintiff is awarded $1,000.00 damages against defendant Mandarich Law Group, LLP.

IT IS FURTHER ORDERED that plaintiff's requested attorney's fees, hourly rates, and costs are deemed reasonable and plaintiff's counsel is awarded attorney's fees to be paid by defendant in the amount of $6,115.50 and costs in the amount of $502.29 for a total award of attorney's fees and costs in the amount of $6,617.79.

DATED March 4, 2026.

_____
UNITED STATES DISTRICT JUDGE